# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| LESHAWN WILSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 12-3293-CV-S-DW-H |
| LINDA SANDERS, Warden[1] ) | |
| United States Medical Center for ) | |
| Federal Prisoners, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he alleges that he has been wrongfully denied jail time credit toward the completion of his federal sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner's contentions are without merit and because he has not exhausted administrative remedies, it must be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that the BOP incorrectly calculated his release date by failing to credit him for time spent in state custody. Petitioner contends that he should receive credit for the time he spent in state custody when he was waiting for disposition of his state-court case, because a federal detainer was lodged against him during this time.

After a Show Cause Order, a Response was filed. Counsel for petitioner thereafter filed a motion to withdraw. Petitioner was then afforded the opportunity to file a *pro se* traverse, which

---

[1] The name of the current warden at the Medical Center has been substituted as the proper respondent.

he did.

Respondent contends that petitioner has failed to fully exhaust administrative remedies on this issue, and that the petition should therefore be dismissed.

A review of the record indicates that petitioner is currently serving a 24-month federal sentence as a supervised release violator. Although he did file an administrative remedy requesting credit towards his sentence, this request was denied. [Government's Exhibit 1, ¶ 6. ]. According to respondent, BOP records indicate that petitioner did not appeal the denial of his request to the Regional Director and General Counsel. It should be noted, additionally, that the record indicates that he was not in any disciplinary housing status or otherwise precluded from having access to the means to file a timely appeal. [Exh. 1, ¶ 7].

The record supports respondent's position that petitioner has not fully exhausted administrative remedies. Additionally, the law is clear that an individual must be in exclusive federal custody for a federal term to begin at the date of sentencing. 18 U.S.C. § 3585(a). Under the provisions of § 3584(b)(2), petitioner would not be entitled to credit towards his federal sentence because the time was credited to his state sentence. He acknowledges that he was given credit on the state-court sentence for time served. Therefore, he is not entitled to credit for this same time period on his federal sentence. Accordingly, it must be recommended that the petition herein for writ of habeas corpus be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[2]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local

---

[2] Petitioner has 14 days to file *pro se* exceptions to the Report and Recommendation of the United States Magistrate Judge.

Rule 72.1 of the United States District Court for the Western District of Missouri,

      RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for a writ of habeas corpus be dismissed without prejudice.

                                      /s/ James C. England
                                      JAMES C. ENGLAND
                                      UNITED STATES MAGISTRATE JUDGE

Date: 11/15/12